# Exhibit A

| | |
|---|---|
| RETURN DATE: NOVEMBER 5, 2024 | SUPERIOR COURT |
| DANIEL A. NEWBURY | JD OF NEW LONDON |
| Plaintiff, | AT NEW LONDON |
| VS. | |
| DXC TECHNOLOGY SERVICES, LLC | |
| & | |
| ALLIED UNIVERSAL EXECUTIVE PROTECTION AND INTELLIGENCE SERVICES, INC. | |
| Defendants. | SEPTEMBER 25, 2024 |

### COUNT ONE: Age Discrimination Against Allied – State Law Claims

1. At all times mentioned herein, Plaintiff, **Daniel A. Newbury**, was and is a resident of the town of Norwich, county of New London, and state of Connecticut.

2. At all times mentioned herein, Defendant **Allied Universal Executive Protection and Intelligence Services, Inc.** ("Allied") was and is a foreign corporation authorized to conduct business in the state of Connecticut. Defendant maintains corporate headquarters located at 450 Exchange, Irvine, CA, 92602. At all times mentioned herein, Defendant employed at least 20 employees.

3. At all times mentioned herein, Defendant, **DXC Technology, LLC**, ("DXC") was and is a foreign corporation authorized to conduct business in the state of Connecticut. Defendant maintains corporate headquarters located at 20408 Bashan Dr, Ashburn,

VA 20147. At all times mentioned herein, Defendant employed at least 20 employees.

4. Plaintiff is a male, born on 11/27/1962 and is 61 years old. He has a chronic venous insufficiency which impacts his activities of daily living, including slow ambulation with a limp and balance issues.

5. In 2018, Plaintiff was hired by Allied to work as a security guard at 100 Winnenden Road, Norwich, CT, located within the Norwich Industrial Park. The customer was DXC.

6. Plaintiff worked as a security guard at that location since 1988, but with different security companies.

7. In or around 2020, Plaintiff's left leg was in such a state that he could not perform a task involving raising and pulling down a flag at the work location. He could not do this because of the uneven ground where the flag was located which created instability when he walked. One time, he fell trying to do the flag task.

8. At the time, Plaintiff's site supervisor, Jason Bearce, permitted him to refrain from doing the flag task.

9. In or around July of 2023, Plaintiff was contacted by Jeffrey Joy, maintenance director for DXC. He stated that he would arrange for a ramp with railings to be installed at the flag location. Plaintiff stated he could perform the flag task with the ramp.

10. On or about 7/13/2023, when Plaintiff arrived at work, Jason Bearce

approached him and stated that Plaintiff was finished at that location. He stated that due to Plaintiff's physical limitations, he could not perform his job properly, so he had to be let go. He further stated this was an order from DXC.

11. On or about 7/14/2023, Plaintiff called Tom Black, personnel representative for Allied, and asked what work might be available through Allied. Mr. Black informed Plaintiff that he was not fired, and that they would try and find something for Plaintiff with less physical demands.

12. On or about 7/20/2023, Allied transferred Plaintiff to a different location in Norwich, CT on a per diem basis. The hours were not full-time, and his schedule was spotty, with some weeks of approximately 16 hours and other weeks with no hours at all.

13. On 10/1/2023, Plaintiff was constructively discharged from Allied.

14. At the time, Plaintiff was 61 and one of the oldest employees working for Allied, at the Norwich Industrial Park location. Also, upon information and belief, Plaintiff was replaced by a female employee who was younger and did not have a physical disability.

15. Defendant Allied discriminated against Plaintiff, terminated Plaintiff's employment, and failed to rehire Plaintiff to a similar position because of Plaintiff's age in violation of Connecticut General Statutes § 46a-60(b)(1).

16. Plaintiff filed a timely complaint against Defendant Allied with the Connecticut Commission on Human Rights and Opportunities (CHRO), which was filed

concurrently with the Equal Employment Opportunity Commission (EEOC) pursuant to their work-sharing agreement, for his state and federal complaints. Plaintiff has exhausted all administrative remedies having received a release on August 6, 2024.

17. As a proximate result of Defendant Allied's unlawful discrimination, Plaintiff has been and will be deprived in the future of substantial employment wages and earnings.

18. As a further result of Defendant Allied's unlawful discrimination, Plaintiff has been and will be deprived in the future of health and medical insurance benefits, retirement and pension benefits, vacation pay, sick pay, and other benefits made available through his employment.

19. As a further result of Defendant Allied's unlawful discrimination, Plaintiff has suffered and will continue to suffer in the future, emotional and psychological pain and suffering, mental anguish, humiliation, embarrassment, and low self-esteem.

**COUNT TWO: Age Discrimination Against DXC – State Law Claims**

1-14. Paragraphs one through fourteen of Count One are incorporated herein and made paragraphs one through fourteen of this Count Two as if fully set forth herein.

15. Defendant DXC unlawfully discriminated against Plaintiff by aiding and abetting Defendant Allied in its Age Discrimination against Plaintiff in violation of

Connecticut General Statutes § 46a-60(5).

16. Plaintiff filed a timely complaint against Defendant DXC with the Connecticut Commission on Human Rights and Opportunities (CHRO), which was filed concurrently with the Equal Employment Opportunity Commission (EEOC) pursuant to their work-sharing agreement, for his state and federal complaints. Plaintiff has exhausted all administrative remedies having received a release on August 6, 2024.

17. As a proximate result of Defendant DXC's unlawful discrimination, Plaintiff has been and will be deprived in the future of substantial employment wages and earnings.

18. As a further result of Defendant DXC's unlawful discrimination, Plaintiff has been and will be deprived in the future of health and medical insurance benefits, retirement and pension benefits, vacation pay, sick pay, and other benefits made available through his employment.

19. As a further result of Defendant DXC's unlawful discrimination, Plaintiff has suffered and will continue to suffer in the future, emotional and psychological pain and suffering, mental anguish, humiliation, embarrassment, and low self-esteem.

**COUNT THREE: Disability Discrimination Against Allied – State Law Claims**

1-14. Paragraphs one through fourteen of Count One are incorporated herein and made paragraphs one through fourteen of this Count Three as if fully set forth

herein.

15. Defendant Allied discriminated against Plaintiff, terminated Plaintiff's employment, and failed to rehire Plaintiff to a similar position because of Plaintiff's disability in violation of Connecticut General Statutes § 46a-60(b)(1).

16. Plaintiff filed a timely complaint against Defendant Allied with the Connecticut Commission on Human Rights and Opportunities (CHRO), which was filed concurrently with the Equal Employment Opportunity Commission (EEOC) pursuant to their work-sharing agreement, for his state and federal complaints. Plaintiff has exhausted all administrative remedies having received a release on August 6, 2024.

17. As a proximate result of Defendant Allied's unlawful discrimination, Plaintiff has been and will be deprived in the future of substantial employment wages and earnings.

18. As a further result of Defendant Allied's unlawful discrimination, Plaintiff has been and will be deprived in the future of health and medical insurance benefits, retirement and pension benefits, vacation pay, sick pay, and other benefits made available through his employment.

19. As a further result of Defendant Allied's unlawful discrimination, Plaintiff has suffered and will continue to suffer in the future, emotional and psychological pain and suffering, mental anguish, humiliation, embarrassment, and low self-esteem.

## COUNT FOUR: Disability Discrimination Against DXC – State Law Claims

1-14. Paragraphs one through fourteen of Count One are incorporated herein and made paragraphs one through fourteen of this Count Four as if fully set forth herein.

15. Defendant DXC unlawfully discriminated against Plaintiff by aiding and abetting Defendant Allied in its disability discrimination against Plaintiff in violation of Connecticut General Statutes § 46a-60(5).

16. Plaintiff filed a timely complaint against Defendant DXC with the Connecticut Commission on Human Rights and Opportunities (CHRO), which was filed concurrently with the Equal Employment Opportunity Commission (EEOC) pursuant to their work-sharing agreement, for his state and federal complaints. Plaintiff has exhausted all administrative remedies having received a release on August 6, 2024.

17. As a proximate result of Defendant DXC's unlawful discrimination, Plaintiff has been and will be deprived in the future of substantial employment wages and earnings.

18. As a further result of Defendant DXC's unlawful discrimination, Plaintiff has been and will be deprived in the future of health and medical insurance benefits, retirement and pension benefits, vacation pay, sick pay, and other benefits made available through his employment.

19. As a further result of Defendant DXC's unlawful discrimination, Plaintiff has

suffered and will continue to suffer in the future, emotional and psychological pain and suffering, mental anguish, humiliation, embarrassment, and low self-esteem.

**COUNT FIVE: Age Discrimination – Federal Law Claims**

1-14. Paragraphs one through fourteen of Count One are incorporated herein and made paragraphs one through fourteen of this Count Five as if fully set forth herein.

15. Defendants Allied and DXC unlawfully discriminated against Plaintiff, retaliated against Plaintiff, terminated Plaintiff's employment, and failed to rehire Plaintiff because of his age in violation of the Age Discrimination in Employment Act of 1967, 29 USC §621 et seq.

16. Plaintiff filed a timely complaint against both Defendants with the Connecticut Commission on Human Rights and Opportunities (CHRO), which was filed concurrently with the Equal Employment Opportunity Commission (EEOC) pursuant to their work-sharing agreement, for his state and federal complaints. Plaintiff has exhausted all administrative remedies having received a release on August 6, 2024.

17. As a proximate result of Defendants' unlawful discrimination, Plaintiff has been and will be deprived in the future of substantial employment wages and

earnings.

18. As a further result of Defendants' unlawful discrimination, Plaintiff has been and will be deprived in the future of health and medical insurance benefits, retirement and pension benefits, vacation pay, sick pay, and other benefits made available through his employment.

19. As a further result of Defendants' unlawful discrimination, Plaintiff has suffered and will continue to suffer in the future, emotional and psychological pain and suffering, mental anguish, humiliation, embarrassment, and low self-esteem.

**COUNT SIX: Disability Discrimination – Federal Law Claims**

1-14. Paragraphs one through fourteen of Count One are incorporated herein and made paragraphs one through fourteen of this Count Six as if fully set forth herein.

15. Defendants Allied and DXC unlawfully discriminated against the Plaintiff, retaliated against the Plaintiff, terminated his employment, and failed to rehire the Plaintiff because of his disabilities in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.

16. Plaintiff filed a timely complaint against both Defendants with the Connecticut Commission on Human Rights and Opportunities (CHRO), which was filed concurrently with the Equal Employment Opportunity Commission (EEOC) pursuant to their work-sharing agreement, for his state and federal complaints. Plaintiff has exhausted all administrative remedies having received a release on

August 6, 2024.

17. As a proximate result of Defendants' unlawful discrimination, Plaintiff has been and will be deprived in the future of substantial employment wages and earnings.

18. As a further result of Defendants' unlawful discrimination, Plaintiff has been and will be deprived in the future of health and medical insurance benefits, retirement and pension benefits, vacation pay, sick pay, and other benefits made available through his employment.

19. As a further result of Defendants' unlawful discrimination, Plaintiff has suffered and will continue to suffer in the future, emotional and psychological pain and suffering, mental anguish, humiliation, embarrassment, and low self-esteem.

**COUNT SEVEN: Retaliation Against Allied – State Law Claims**

1-14. Paragraphs one through fourteen of Count One are incorporated herein and made paragraphs one through fourteen of this Count Seven as if fully set forth herein.

15. Defendants retaliated against Plaintiff and terminated Plaintiff's employment because of Plaintiff's age and disability in violation of Connecticut General Statutes § 46a-60(b)(4).

16. Plaintiff filed a timely complaint against both Defendants with the Connecticut Commission on Human Rights and Opportunities (CHRO), which was filed concurrently with the Equal Employment Opportunity Commission (EEOC)

pursuant to their work-sharing agreement, for his state and federal complaints. Plaintiff has exhausted all administrative remedies having received a release on August 6, 2024.

17. As a proximate result of Defendants' unlawful discrimination, Plaintiff has been and will be deprived in the future of substantial employment wages and earnings.

18. As a further result of Defendants' unlawful discrimination, Plaintiff has been and will be deprived in the future of health and medical insurance benefits, retirement and pension benefits, vacation pay, sick pay and other benefits made available through his employment.

19. As a further result of Defendants' unlawful discrimination, Plaintiff has suffered and will continue to suffer in the future, emotional and psychological pain and suffering, mental anguish, humiliation, embarrassment, and low self-esteem.

**COUNT EIGHT: Retaliation Against DXC – State Law Claims**

1-14. Paragraphs one through fourteen of Count One are incorporated herein and made paragraphs one through fourteen of this Count Eight as if fully set forth herein.

15. Defendant DXC unlawfully discriminated against Plaintiff by aiding and abetting Defendant Allied in its retaliation against Plaintiff in violation of Connecticut General Statutes § 46a-60(b)(4).

16. Plaintiff filed a timely complaint against Defendant DXC with the Connecticut

Commission on Human Rights and Opportunities (CHRO), which was filed concurrently with the Equal Employment Opportunity Commission (EEOC) pursuant to their work-sharing agreement, for his state and federal complaints. Plaintiff has exhausted all administrative remedies having received a release on August 6, 2024.

17. As a proximate result of Defendant DXC's unlawful discrimination, Plaintiff has been and will be deprived in the future of substantial employment wages and earnings.

18. As a further result of Defendant DXC's unlawful discrimination, Plaintiff has been and will be deprived in the future of health and medical insurance benefits, retirement and pension benefits, vacation pay, sick pay and other benefits made available through his employment.

19. As a further result of Defendant DXC's unlawful discrimination, Plaintiff has suffered and will continue to suffer in the future, emotional and psychological pain and suffering, mental anguish, humiliation, embarrassment, and low self-esteem.

**WHEREFORE**, the Plaintiff claims:
1. Money damages, including back pay and front pay;
2. Attorney's fees and costs;
3. Such other remedies as available under law and/or equity and as the Court deems appropriate;
4. A trial by jury.

                THE PLAINTIFF, DANIEL NEWBURY

BY:   */s/John C. Gerboth*
       John C Gerboth, Esq.
       Lorenzo J. Cicchiello, Esq.
       Law Offices of Cicchiello & Cicchiello, LLC
       582 West Main Street
       Norwich, CT 06360
       860.886.9300 phone
       860.886.5963 fax
       Firm Juris # 419515

| | |
|---|---|
| RETURN DATE: NOVEMBER 5, 2024 : | SUPERIOR COURT |
| : | |
| DANIEL A. NEWBURY : | JD OF NEW LONDON |
| : | |
| Plaintiff, : | AT NEW LONDON |
| : | |
| VS. : | |
| : | |
| DXC TECHNOLOGY : | |
| SERVICES, LLC : | |
| : | |
| & : | |
| : | |
| ALLIED UNIVERSAL EXECUTIVE : | |
| PROTECTION AND INTELLIGENCE : | |
| SERVICES, INC. : | |
| : | |
| Defendants. : | SEPTEMBER 25, 2024 |

## **STATEMENT OF AMOUNT OF DEMAND**

The amount of demand for the above matter is greater than FIFTEEN THOUSAND DOLLARS ($15,000.00), exclusive of costs and interest.

                                                                   THE PLAINTIFF
                                                                   DANIEL NEWBURY


BY    */s/John C. Gerboth*
       John C. Gerboth, Esq.
       Lorenzo J. Cicchiello, Esq.
       His Attorneys
       Firm Juris # 419515
       Cicchiello & Cicchiello, LLC
       582 West Main Street
       Norwich, CT 06360
       860.886.9300

**SUMMONS - CIVIL**
JD-CV-1 Rev. 2-22
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

For information on ADA accommodations, contact a court clerk or go to: *www.jud.ct.gov/ADA.*

STATE OF CONNECTICUT
**SUPERIOR COURT**
*www.jud.ct.gov*



**Instructions are on page 2.**

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.

☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk *(Number, street, town and zip code)* | Telephone number of clerk | Return Date *(Must be a Tuesday)* |
|---|---|---|
| 70 Huntington Street, New London, CT 06320 | ( 860 ) 443 – 5363 | 11/05/2024 |

| ☒ Judicial District  ☐ Housing Session | G.A. Number: | At *(City/Town)* New London | Case type code *(See list on page 2)* Major: 1  Minor: 90 |
|---|---|---|---|

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(if attorney or law firm)* |
|---|---|
| Law Offices of Cicchiello & Cicchiello, LLC, 582 West Main Street, Norwich, CT 06360 | 419515 |

| Telephone number | Signature of plaintiff *(if self-represented)* |
|---|---|
| ( 860 ) 886 – 9300 | |

The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.   ☐ Yes  ☒ No

E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book *(if agreed)*

| Parties | Name *(Last, First, Middle Initial)* and address of each party *(Number; street; P.O. Box; town; state; zip; country, if not USA)* | |
|---|---|---|
| First plaintiff | Name: Newbury, Daniel<br>Address: 99 Cedar Street, Apt D60, Norwich, CT 06360 | P-01 |
| Additional plaintiff | Name:<br>Address: | P-02 |
| First defendant | Name: DXC Technology Services, LLC<br>Address: 20408 Bashan Dr. Attn: Corporate Secretary Team, Suite 231, Ashburn, VA 20147 | D-01 |
| | Name: AFS: Corporate Creations Network, Inc.<br>Address: 6 Landmark Square, 4th Fl, Stamford, CT 06901 | D-02 |
| Additional defendant | Name: Allied Universal Executive Protection and Intelligence Services, Inc.<br>Address: 450 Exchange, Irvine, CA 92602 | D-03 |
| | Name: AFS: Corporation Service Company<br>Address: 225 Asylum Street, 20th Floor, Hartford, CT 06103 | D-04 |

Total number of plaintiffs: 1   Total number of defendants: 2   ☐ Form JD-CV-2 attached for additional parties

**Notice to each defendant**

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date | Signed *(Sign and select proper box)* | ☒ Commissioner of Superior Court<br>☐ Clerk | Name of person signing<br>John C. Gerboth, Esq. |
|---|---|---|---|
| 9-25-24 | *[signature]* | | |

**If this summons is signed by a Clerk:**
a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.
c. The court staff is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint.

*For Court Use Only*
File Date

| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* *[signature]* | Date 9-25-24 | Docket Number |
|---|---|---|---|

**Instructions**

1. *Type or print legibly. If you are a self-represented party, this summons must be signed by a clerk of the court.*
2. *If there is more than one defendant, make a copy of the summons for each additional defendant. Each defendant must receive a copy of this summons. Each copy of the summons must show who signed the summons and when it was signed. If there are more than two plaintiffs or more than four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the summons.*
3. *Attach the summons to the complaint, and attach a copy of the summons to each copy of the complaint. Include a copy of the Civil Summons Continuation of Parties form, if applicable.*
4. *After service has been made by a proper officer, file the original papers and the officer's return of service with the clerk of the court.*
5. *Use this summons for the case type codes shown below.*

    Do *not* use this summons for the following actions:
    - (a) Family matters (for example divorce, child support, custody, parentage, and visitation matters)
    - (b) Any actions or proceedings in which an attachment, garnishment or replevy is sought
    - (c) Applications for change of name
    - (d) Probate appeals
    - (e) Administrative appeals
    - (f) Proceedings pertaining to arbitration
    - (g) Summary Process (Eviction) actions
    - (h) Entry and Detainer proceedings
    - (i) Housing Code Enforcement actions

**Case Type Codes**

| MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION | MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction - All other | Property | P 00 | Foreclosure |
| | C 10 | Construction - State and Local | | P 10 | Partition |
| | C 20 | Insurance Policy | | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | C 30 | Specific Performance | | P 30 | Asset Forfeiture |
| | C 40 | Collections | | P 90 | All other |
| | C 50 | Uninsured/Underinsured Motorist Coverage | | | |
| | C 60 | Uniform Limited Liability Company Act – C.G.S. 34-243 | Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | C 90 | All other | | T 03 | Defective Premises - Private - Other |
| Eminent Domain | E 00 | State Highway Condemnation | | T 11 | Defective Premises - Public - Snow or Ice |
| | E 10 | Redevelopment Condemnation | | T 12 | Defective Premises - Public - Other |
| | E 20 | Other State or Municipal Agencies | | T 20 | Products Liability - Other than Vehicular |
| | E 30 | Public Utilities & Gas Transmission Companies | | T 28 | Malpractice - Medical |
| | E 90 | All other | | T 29 | Malpractice - Legal |
| | | | | T 30 | Malpractice - All other |
| Housing | H 10 | Housing - Return of Security Deposit | | T 40 | Assault and Battery |
| | H 12 | Housing - Rent and/or Damages | | T 50 | Defamation |
| | H 40 | Housing - Housing - Audita Querela/Injunction | | T 61 | Animals - Dog |
| | H 50 | Housing - Administrative Appeal | | T 69 | Animals - Other |
| | H 60 | Housing - Municipal Enforcement | | T 70 | False Arrest |
| | H 90 | Housing - All Other | | T 71 | Fire Damage |
| | | | | T 90 | All other |
| Miscellaneous | M 00 | Injunction | Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | M 10 | Receivership | | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | M 15 | Receivership for Abandoned/Blighted Property | | V 05 | Motor Vehicles* - Property Damage only |
| | M 20 | Mandamus | | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) | | V 09 | Motor Vehicle* - All other |
| | M 40 | Arbitration | | V 10 | Boats |
| | M 50 | Declaratory Judgment | | V 20 | Airplanes |
| | M 63 | Bar Discipline | | V 30 | Railroads |
| | M 66 | Department of Labor Unemployment Compensation Enforcement | | V 40 | Snowmobiles |
| | | | | V 90 | All other *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| | M 68 | Bar Discipline - Inactive Status | | | |
| | M 70 | Municipal Ordinance and Regulation Enforcement | | | |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 | | | |
| | M 83 | Small Claims Transfer to Regular Docket | Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | M 84 | Foreign Protective Order | | W 90 | All other |
| | M 89 | CHRO Action in the Public Interest - P.A. 19-93 | | | |
| | M 90 | All other | | | |